

IT IS SO ORDERED.
Signed July 24, 2014

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ] Case No. 14-51812-ASW
                                   ]
ALFONSO ROBLES,                    ] Chapter 7
                                   ]
                                   ] RS #MKO-132
                 Debtor.           ]
                                   ] Hearing Date: Jul. 23, 2014
_____] Hearing Time: 2:30 p.m.
```

**MEMORANDUM DECISION RE: IN REM RELIEF FROM STAY**

Before the Court is the motion for relief from stay filed by Yvette Narog ("Movant"), who is represented by attorney Mark K. Oto. Movant seeks in rem relief under § 362(d)(4) with respect to the real property located at 250 Biarritz Court, Redwoood City, California 94065 (the "Property"). Debtor Alfonso Robles, who is pro se, has not responded to the motion. On June 30, 2014, the Court granted relief from stay to proceed with an unlawful detainer action, and now considers whether in rem relief is appropriate. The Court has entered an order dismissing this case, but dismissal is stayed until July 31, 2014.

Section § 362(d)(4) requires the Court to grant in rem relief to a creditor having a security interest in real property:

```
     if the Court finds that the filing of the petition was
     part of a scheme to delay, hinder and defraud creditors
     that involved either:

     (A) transfer of all or part ownership of, or other
     interest in, such real property without the consent of
     the secured creditor or Court approval; or

     (B) multiple bankruptcy filings affecting such real
     property.
```

Before a creditor can obtain in rem relief under § 362(d)(4), the creditor must establish that the creditor holds a security interest in the subject property. In re Duncan & Forbes Development, Inc., 368 B.R. 27 (Bankr. C.D. Cal. 2007). Here, according to Movant's declaration, Movant does not hold a claim secured by an interest in the property. Rather, Movant is an agent for the owner of the property, and therefore § 362(d)(4) does not apply. In re McCray, 342 B.R. 668, 669 (Bankr. D.D.C. 2006). Nevertheless, the Court retains the power to grant in rem relief pursuant to § 105(a). Id. Section 105(a) allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." In McCray, the court observed that Congress has given no indication that it intended to preclude bankruptcy courts from using § 105(a) to enter orders, when necessary and appropriate, to prevent the harm arising from abusive filings. Id. at 670. The Court in McCray, after determining that the debtor's filing was in bad faith, granted in rem relief to the owner of the subject property. Id.

Here, as in McCray, Movant is entitled to in rem relief because of Debtor's bad faith filing. Movant asserts in her declaration that the Debtor in this case, Alfonso Robles, is actually Steven K. Hoskins, i.e., Robles and Hoskins are the same person. Mr. Hoskins has a history of serial filings in this

district (case nos. 09-34003 TEC, 10-30495 DM, and 10-32162 DM), two of which were dismissed for failure to file required documents. In the third, a chapter 7 case, Mr. Hoskins received a discharge. Mr. Robles' social security number listed in his petition is different from the social security number listed on his Statement of Social Security Number filed in this case. Further, as noted in this Court's Order to Show Cause re Dismissal entered June 3, 2014, Debtor's petition is skeletal, the creditors' list contains only one creditor, Wells Fargo, and the petition shows the Debtor resides at 4901 Rue Calais, San Jose, California 95136 but has a mailing address at 250 Biarritz Court, Redwood City, California. Debtor did not appear at the hearing on the Order to Show Cause, nor has he complied with the requirements of § 521. All of these factors indicate strongly that Debtor seeks to exploit the protections provided by the Bankruptcy Code and frustrate Movant's efforts to evict the Debtor and recover Movant's property.

    For the foregoing reasons, the Court approves Movant's request for in rem relief. Counsel for Movant may submit a proposed form of order.

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Alfonso Robles |
| | 250 Biarritz Court |
| 4 | Redwood City, CA 94065 |
| 5 | Mark Oto, Esq. |
| | Atty for Movant |
| 6 | Via ECF |
| 7 | Kari Bowyer, Ch 7 Trustee |
| | Via ECF |